IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KINGRALE COLLINS,
ADC #SK945                                                                                    PLAINTIFF

V.                              CASE NO. 5:09CV00324 BSM/BD

LANE                                                                                           DEFENDANT

## RECOMMENDED DISPOSITION

I.   **Procedures for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the recommendations.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.     **Introduction:**

Plaintiff, an inmate at the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"), brings this action pro se under 42 U.S.C. § 1983 (docket entry #1). Plaintiff has not filed a motion for leave to proceed *in forma pauperis* or paid the statutory filing fee. For the following reasons, this Court recommends that Plaintiff's Complaint (#1) be DISMISSED WITH PREJUDICE. In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

III.    **Background:**

Plaintiff alleges that on October 2, 2009, he noticed a couple of ants in his breakfast apple juice cup. Plaintiff states that he told Defendant Lane about the ants and requested more juice. Plaintiff alleges Defendant Lane refused this request, in violation of ADC policy. Plaintiff seeks $75,000.00 for the alleged cruel and unusual punishment in violation of his Eighth Amendment rights.

IV.     **Discussion:**

    A.     *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous,

malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. The Court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even so, a plaintiff must plead facts with enough specificity so as "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at 1974. Even construing the Complaint in this case liberally, it fails to state a claim upon which relief may be granted.

    B.    *Eighth Amendment*

Adequate nourishment to maintain health is a basic human need protected by the Eighth Amendment. *Keenan v. Hall*, 89 F.3d 1083, 1091 (8th Cir. 1996). Plaintiff, however, does not allege inadequate nourishment. He alleges one instance of finding ants in his juice. This allegation falls far short of a constitutional violation. See *e.g.*, *Curtis v.*

*West*, 253 F.3d 701 (5th Cir. 2001) (claim that prisoner missed a meal was properly dismissed as frivolous); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The fact that the food occasionally contains foreign objects . . . , while unpleasant, does not amount to a constitutional violation."); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (same).

Plaintiff alleges that Defendant Lane's refusal to get him more juice violated ADC policy. A state officials failure to follow state law or policy does not provide the basis for a constitutional violation. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Because Plaintiff's claims are frivolous and cannot state a claim for relief, this action should be DISMISSED WITH PREJUDICE.

**V.**     **Conclusion:**

The Court recommends that Plaintiff's Complaint (#1) be DISMISSED WITH PREJUDICE. In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 30th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE